## GREAT LAKES CASUALTY CO. v. PEANO et al.

### Civ. No. 142.

District Court, D. Oregon.

April 5, 1940.

Hugh L. Biggs and Arthur C. Spencer, Jr. (of Maguire, Shields & Morrison), both of Portland, Or., for plaintiff.

E. R. Trayle, Arthur M. Dibble, Jos. H. Page, and W. H. Powell, all of Portland, Or., for defendants.

McCOLLOCH, District Judge.

In denying plaintiff's motion to amend Findings of Fact, Conclusions of Law and Judgment Order, and for additional Findings of Fact and Conclusions of Law, I desire to make the following observations:

The motion was filed, *following entry of final judgment*, under Rule 52(b), 28 U.S. C.A. following section 723c, reading as follows: "(b) *Amendment.* Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings *and may amend the judgment accordingly.* The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment." (Italics added.)

■ I would grant certain parts of the motion which do not call for an amendment of the judgment, if I were convinced that I could properly do so at this time. Specifically, I would allow additional requested Findings numbered X, XII, XIV, XV and XVI, and I would allow substitution of Conclusion of Law No. IV, were I convinced that Rule 52 (b) permitted additional Findings *after judgment, where the additional Findings are merely by way of enlargement of the original Findings and do not call for amendment of the judgment.*

The discussions of the Rule makers and others at the Institutes, and the discussions in Edmunds and Moore, leave me in doubt.

■ At the hearing, Mr. Biggs stated that he thought he could not file request for amended Findings until after the judgment had been entered. With this I cannot agree. See the discussions foregoing.

Generally, as to whether amended Findings may be made following the entry of final judgment, see 28 Cyc. 1987; 46 Cent. Dig., Trial, § 951; Decennial Digests and General Digests, Trial, ⊜⮿401. The cases are conflicting.

For the reasons stated I feel that I must deny the motion in toto.